Judge Lane
delivered the opinion of the court:
On April 26, 1826, Maxwell Hargrave, and Ann, his wife, made the indenture with Young, by which it is “ witnessed that they, for the consideration of the yearly rent of one hundred and fifty dollars and sixty cents, to bo paid quarterly, have rented unto said Young the premises, etc., for and during the life of said Ann.” After the death of Maxwell Hargrave, Ann Hargrave made a sale of the same property, and the purchaser from her brought an ejectment against Young, upon which he was evicted. 6 Ohio, 313. This suit is brought upon the claim that the terms of the lease constitute a covenant by Maxwell Hargrave for quiet enjoyment during the life of Ann Hargrave.
*359 The doctrine of implied warranty of real estate belongs to the ancient law. Although its application to leases for years has descended to our day, its relation to higher estates have *been nearly suspended by the adoption of express covenants in deeds. It is now little understood and nearly obsolete.
The ancient creation of estates consisted in the donation of land to the tenant, to be held of the donor, and reciprocal relations arose between them. From the tenant was due homage and the feudal services ; in return, the donor was bound to assure the enjoyment of the estate, which he undertook to confer. These duties were held to arise, not from express obligation, but from the nature of the tenure. They were imposed upon the tenant by his acceptance of the estate, and they might be exacted of the lord, who employed the term “dedi" or other term of donation by which estates were created. Hence Lord Coke says, “Where dedi is accompanied with a perdurable tenure of the feoffor and his heirs, there dedi importeth a perdurable warranty, for the feoffor and his heirs to the feoffee and his heirs. 2 In. 275. When ithe statute quia emptores in destroying the practice of subinfeudation, cut off the tenure between the feoffor and the feoffee and his ►heirs, the co-relative obligation of warranty could not be raised ¡against the heir of the feoffor. Still the feoffor was supposed to be ■bound by his own gift, and the warranty personally binding upon 'him for life. From hence follows the principle, which is sound, law, at this day, that whenever an estate, in freehold or in fee, is ■created by the word give, it implies a-warrant for the life of the .grantor.
In leases for years, the case is different. They were not originally regarded as estates in the land, but as contracts for the ■perception of the profits. The possession of the lessee was not ►regarded as in his own right, but as the possession of the grantor, .and the destruction of the freehold was attended with the destruction of the lease. The lessee had no means of redress or indemnity except upon the contract. The words of the lease “ yielding .and paying," etc., were construed a covenant by the lessee to pay rent; and the words “ grant, devise, etc.,” were held to imply a covenant on the part of the lessor to pay damages to the tenant if the possession was lost. A warranty, therefore, is implied, in ■ a lease, in a different sense from the implied warranty of a freehold. The latter depends on tenure, the former on contract. The *360 remedies, too, were originally different. In the latter, the disseizee recovered the value in land ; in the former, damages only for the breach of the contract. Hence a warranty is ^implied from any contract, for the possession of lands amounting to a lease for years, no matter in what words it is framed ; but the warranty of a freehold is not implied, except from the feudal term of donation. No other word will answer — the' words “ grant, bargain and sell,” raise no warranty. Co. Lit. 384, a, Butler’s Note; 2 Black. Com. 300.
If this had been a lease for years, the warranty would have been implied, and the phraseology of the contract, or the employment of the word rent, although awkward and untechnical, would not affect the question. 2 Marsh. 302; Petherbridge v. Dugan, Hamilton Co. (O.) Supreme Court, 1828. But no authority is found to justify the annexation of a warranty of a freehold to any other term than the word give.
Judgment for the defendant.